LeAnne CARUFEL, Appellant,

v.

Raymond STEVEN, Respondent.

No. 49889.

Supreme Court of Minnesota.

May 16, 1980.

Tierney, Norton, Schomburg & Krieser and Peter W. Ulmen, Minneapolis, for appellant.

Lommen, Cole & Stageberg and Phillip A. Cole, Minneapolis, for respondent.

Heard before OTIS, TODD, and YETKA, JJ., and considered and decided by the court en banc.

Upon petition for rehearing, the opinion in this matter, filed January 11, 1980, is withdrawn and this opinion is substituted therefor.

YETKA, Justice.

In this personal injury action, the jury found, by special verdict, that the plaintiff had suffered $25,000 damages but had not received any permanent injury. The Fourth Judicial District Court held that the lack of permanent injury was a bar to recovery under the No-Fault Automobile Insurance Act, Minn.Stat. § 65B.51 (1978) and entered judgment for the defendant.[1]

We reverse and remand for a new trial.

The plaintiff's automobile was struck in the rear by the defendant's automobile when the plaintiff stopped on a highway entrance ramp to yield to highway traffic. The impact caused plaintiff's car to be driven forward from 6 to 15 feet and to sustain over $500 in property damage.

The plaintiff's physicians testified that the injury may have caused scarring of the internal soft tissues, that such scarring would be permanent, and that it resulted in a 20% permanent disability of the plaintiff. Medical testimony for the defendant indicated that the plaintiff's continuing pain could only be due to psychological problems and that such problems could be cured with appropriate treatment.

On this record, the jury, by special verdict, found that the plaintiff was entitled to $25,000 general damages but found that she had not suffered a permanent injury.

The appellant has raised the following issues on appeal:

1. Permanent injury is one of the threshold requirements for suit under the No-Fault Automobile Insurance Act, Minn.Stat. § 65B.51,

I. Did the trial court err in not allowing counsel to comment to the jury on the effect of its answer to the special verdict question of whether the plaintiff suffered permanent injuries?

II. Is the jury's finding of no permanent injury irreconcilable with an award of $25,000 damages?

III. Is the jury's finding of no permanent injury contrary to the evidence?

■ The appellant's argument that counsel should have been allowed to comment to the jury on the effect of its answer to the permanent injury question is without merit. Such comment is prohibited by Rule 49.01, Minn.R.Civ.P.

■ However, we agree with the appellant that, on the unique facts of this case, the finding of no permanent injury is irreconcilable with the award of $25,000 general damages. The testimony shows plaintiff's automobile was struck sufficiently hard to result in over $500 of personal property damage to the rear-end and that it was driven forward from 6 to 15 feet from where stopped at the time it was struck. The testimony is also clear that she sustained injuries to the ligaments and muscles of her neck and back. The medical testimony is in direct conflict as to whether plaintiff's future problems will be caused by psychological problems or by injuries resulting from this accident. There was also conflicting testimony as to whether plaintiff's injuries would be permanent or whether she would fully recover. The jury answered one interrogatory that plaintiff sustained $25,000 damages as a result of her injuries from this accident and yet found that she did not suffer a permanent injury.

■ While we must reconcile special verdict answers if possible, *Reese v. Henke*, 277 Minn. 151, 152 N.W.2d 63 (1967), it is impossible to do so on the facts of this case.

subd. 3(b)(2) (1978). *See Murray v. Walter*, 269 N.W.2d 47 (Minn.1978).

However, the evidence is not sufficient to indicate that the answer to either question should be changed as a matter of law by this court, as was done in *Reese v. Henke* and *Orwick v. Belshan*, 304 Minn. 338, 231 N.W.2d 90 (1975). Under such conditions, the case must be remanded for a new trial. *Cf. Meinke v. Lewandowski,* 306 Minn. 406, 237 N.W.2d 387 (1975). In light of this result, we need not rule on the third issue raised.

The petition for rehearing is in all other respects denied.

Reversed and remanded for a new trial on all issues.

TODD, Justice (concurring specially).

I concur in the majority opinion.

At oral argument the issue of submission of an additional question to the jury regarding disability arose. Under Minn.Stat. § 65B.51, subd. 3(b)(4) (1978), where an injury results in disability for 60 days or more, a litigant may proceed with a cause of action. Under the statute, disability means the inability to engage in substantially all of the injured person's usual and customary daily activities. The submission of such a question to the jury was not requested. However, on retrial, it would be error not to submit such a question in addition to the question of permanent injury if requested.

SCOTT and KELLY, Justices (concurring specially).

We concur in the majority and in TODD's, J., special concurrence.