Lance M. NEMANIC, Respondent,

v.

GOPHER HEATING AND SHEET METAL, INC., et al., Appellants.

No. C5-82-869.

Supreme Court of Minnesota.

Aug. 19, 1983.

Gerald H. Hanratty, Minneapolis, for appellants.

Streefland & Daly, Burnsville, for respondent.

WAHL, Justice.

This appeal raises the question of whether, in a personal injury action arising out of an automobile collision, when plaintiff introduces expert testimony to support the tort threshold required by Minn.Stat. § 65B.51, subd. 3 (1982) and the element of causation, and defendants do not produce an adverse medical witness, a directed verdict for plaintiff on these elements automatically results.

Plaintiff Lance Nemanic received a $65,-000 judgment from a jury verdict for injuries sustained in an automobile collision with defendant Warren P. Kelley in August 1979. Defendants admitted liability for the accident but claimed at trial that plaintiff failed to meet a requisite tort threshold for noneconomic loss recovery under the Minnesota no-fault automobile insurance act, specifically Minn.Stat. § 65B.51, subd. 3, and that the accident was not the cause of plaintiff's injury. The Scott County District Court directed a verdict for plaintiff on the tort threshold of permanency and on the issue of causation and submitted to the jury only the question of the amount of damages due plaintiff as a result of the accident. Appellants, whose motion for judgment notwithstanding the verdict or a new trial was denied, appeal from the judgment on the ground that the trial court erred in directing a verdict on questions of

fact and that the jury verdict was excessive. We reverse and remand for a new trial.

While stopped in his car at a traffic signal, Lance Nemanic was struck from behind by an automobile driven by Warren Kelley. He sustained minor knee, back and neck injuries, but the gravamen of his complaint is that he suffers from anxiety attacks which he alleges were triggered by the accident.

Nemanic, age 33 at the time of the accident, had been rear-ended on three prior occasions and had a history of anxiety attacks, diagnosed as agoraphobia, stemming primarily from 1977 but originating with his experiences in the Vietnam War. He claims that at the time of the accident his agoraphobia was coming under control and that the accident triggered a recurrence of repressed agoraphobic symptoms, permanently affecting his future earnings potential and family life.

■ Nemanic's allegation of damages includes both economic and noneconomic losses. Uncompensated economic losses may be recovered in a negligence action involving an automobile that is insured as required by the no-fault act, without regard to tort thresholds. Minn.Stat. § 65B.51, subd. 2. However, a plaintiff suing for noneconomic losses [1] is not eligible for recovery unless he meets one of the thresholds set out in Minn.

Stat. § 65B.51, subd. 3.[2] The tort threshold is an additional element of the negligence action described in section 65B.51, subd. 1 which must be pleaded and proved to recover damages for noneconomic detriment. *Murray v. Walter,* 269 N.W.2d 47, 50 (Minn. 1978).

Plaintiff claimed that he met the tort threshold in two ways: 1) that his injury was permanent, section 65B.51, subd. 3(b)(2), and 2) that he was disabled for 60 days or more, section 65B.51, subd. 3(b)(4). His expert, consulting psychologist William Duffy, testified in support of these claims. Defendants based their defense on cross-examination of Dr. Duffy and on Nemanic's medical records from the Shakopee Clinic, Mayo Clinic and Veterans Administration Hospital, attempting to prove that the agoraphobic attacks predated, and were thus not caused by, the accident and were not permanent. The defense's refusal to produce an expert was viewed by the trial court as a failure to create factual issues on permanence and causation, resulting in an uncontroverted prima facie case for plaintiff. Consequently, the court directed a verdict for plaintiff, on its own motion, on these two issues.

■ In reviewing a directed verdict, we make an independent determination of the sufficiency of the evidence to present a fact question to the jury. *Walton v. Jones,* 286 N.W.2d 710, 714 (Minn.1979). Viewing

---

**1.** "Noneconomic detriment" is defined in Minn. Stat. § 65B.43, subd. 8 (1982) as "all dignitary losses suffered by any person as a result of injury arising out of the ownership, maintenance, or use of a motor vehicle including pain and suffering, loss of consortium, and inconvenience."

**2.** Minn.Stat. § 65B.51, subd. 3 (1982) provides as follows:

Limitation of damages for non-economic detriment. In an action described in subdivision 1, no person shall recover damages for non-economic detriment unless:

(a) The sum of the following exceeds $4,000:

(1) Reasonable medical expense benefits paid, payable or payable but for any applicable deductible, plus

(2) The value of free medical or surgical care or ordinary and necessary nursing services performed by a relative of the injured person or a member of his household, plus

(3) The amount by which the value of reimbursable medical services or products exceeds the amount of benefit paid, payable, or payable but for an applicable deductible for those services or products if the injured person was charged less than the average reasonable amount charged in this state for similar services or products, minus

(4) The amount of medical expense benefits paid, payable, or payable but for an applicable deductible for diagnostic X-rays and for a procedure or treatment for rehabilitation and not for remedial purposes or a course of rehabilitative occupational training; or

(b) the injury results in:

(1) permanent disfigurement;

(2) permanent injury;

(3) death; or

(4) disability for 60 days or more.

the entire evidence in a light most favorable to the adverse parties, *Hanson v. Homeland Insurance Co. of America,* 232 Minn. 403, 404–05, 45 N.W.2d 637, 638 (1951), a directed verdict is sustainable only if it would clearly be the duty of the trial court to set aside a contrary verdict, as against the evidence or contrary to the law of the case. *J.N. Sullivan & Associates, Inc. v. F.D. Chapman Construction Co.,* 304 Minn. 334, 336, 231 N.W.2d 87, 89 (1975). That standard was not met in this case.

■ The burden was on plaintiff to prove the elements of negligence plus the additional element of a tort threshold under Minn.Stat. § 65B.51, subd. 3. *Murray v. Walter,* 269 N.W.2d at 50. Accordingly, plaintiff produced testimony to support his allegation that the injury was permanent. Defendant's corresponding burden was to raise an issue as to whether that threshold was met, either at trial or in the formulation of the special verdict. *Id.* Defendant's cross-examination of Dr. Duffy and introduction into evidence of plaintiff's medical records sufficiently raised the issue of whether the permanency threshold was met.[3] In addition, the defense requested a special verdict question on permanency. Where an issue is raised as to whether a threshold requirement of section 65B.51, subd. 3 was satisfied, the question should be submitted to the jury as part of the special verdict. *Id.*

■ Dr. Duffy's expert opinion, even in the absence of an adverse expert, was not conclusive on the jury, and it was not bound to accept it. *Stahlberg v. Moe,* 283 Minn. 78, 85, 166 N.W.2d 340, 345 (1969); *Krueger v. Knutson,* 261 Minn. 144, 158–59, 111 N.W.2d 526, 536 (1961). Cross-examination of plaintiff's medical expert, the sole expert at trial, may be sufficient to raise a fact question, precluding a directed verdict. *Stahlberg v. Moe,* 283 Minn. at 82, 166 N.W.2d at 344. We have also held that hospital records are properly admissible into evidence, as here, even though the physicians making the entries thereon are not called as witnesses. *Boutang v. Twin City Motor Bus Co.,* 248 Minn. 240, 247–48, 80 N.W.2d 30, 37–38 (1957).

In view of these precedents and from evidence in the record that plaintiff was recovering from his agoraphobia and that the condition was not permanent, we hold that the trial court erred in not submitting the issue of permanence to the jury. In a personal injury case, where plaintiff produces an expert witness to support the elements of his negligence cause of action, it is not mandatory for defendant to introduce an adverse medical expert to create factual issues if he can sufficiently raise such issues through cross-examination of plaintiff's expert and/or plaintiff's past medical records.

Since we must remand for a new trial on the threshold issue, we need not discuss the propriety of the court's directed verdict on the issue of causation or whether the $65,-000 verdict was excessive, as appellant claims.

■ For purposes of retrial, we note that plaintiff alleged both economic and noneconomic losses and that only noneconomic loss is subject to a tort threshold under the no-fault act. The trial court did not differentiate between the two in its jury instructions or in its special verdict; consequently, there is no indication of what amounts the jury intended to allocate to economic or noneconomic loss. On remand, the trial court should direct the jury to calculate economic and noneconomic damages separately, in case error is alleged in regard to one category of damages and not to the other. Also, in addition to permanency, any other sufficiently raised thresholds of section 65B.51, subd. 3 should be submitted to the jury, such as, in this case, disability of 60 days or more under section 65B.51, subd. 3(b)(4). *Carufel v. Steven,* 293 N.W.2d 47, 49 (Minn.1980).

---

**3.** The threshold of 60 days disability or more, Minn.Stat. § 65B.51, subd. 3(b)(4) was not vigorously argued by plaintiff, no doubt in view of the fact that he returned to work 3 weeks after the accident, and was not a basis for the trial court's directed verdict on the tort threshold element.

Reversed and remanded for a new trial in accordance with this opinion.