**Michael BOONE, et al., Respondents,**

v.

**Aristeo MARTINEZ, Defendant,**

**Palace Bar of Albert Lea, Inc., d/b/a the Palace Bar and Tom's Palace Bar, petitioner, Appellant.**

**No. C5–96–297.**

Supreme Court of Minnesota.

Aug. 7, 1997.

---

Daniel J. Heuel, Muir, Heuel, Carlson & Spelhaug, P.A., Rochester, for Appellant.

John Beckmann, Daniel L. Scott, Hoversten, Johnson, Beckmann, Wellmann & Hovey, P.L.P., Austin, for Respondents.

Jeremiah P. Gallivan, Paul A. Banker, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, for Palace Bar.

Phillip Marron, Minneapolis, for Aristeo Martinez.

## OPINION

TOMLJANOVICH, Justice.

This case presents the question of when a bar is liable for injuries resulting from a fight between two patrons of the bar. The court of appeals held that although an attack may be sudden and unforeseeable, employees of the bar had a duty to protect a patron once the assault commenced. We disagree and instead hold that because a fight between patrons of a bar was sudden and unforeseeable, the bar was not liable in this case for resulting injuries to the patrons.

In December 1991, Aristeo Martinez assaulted Michael Boone in the Palace Bar, which is located in Albert Lea. As a result of the assault, Boone suffered from a laceration and multiple stab wounds. Boone and his wife Michelle subsequently sued Martinez for negligent and reckless assault. The Boones also brought two claims against the Palace Bar, the first for negligent failure to exercise reasonable care to control and secure its patrons and premises, and the second for dram shop liability resulting from the illegal

sale of alcohol to Martinez when he already was intoxicated in violation of Minnesota Statutes section 340A.502.

The issue before us concerns the negligence claim against the Palace Bar. The trial court granted the Palace Bar's motion for a directed verdict on the negligence claim, finding that the assault was unforeseeable and that there was no notice to the bar employees of either the attack or the vicious propensities of Martinez.[1] The court of appeals reversed, holding that the directed verdict on the negligence claim against the Palace Bar was improperly granted. The court of appeals held that although the attack was sudden and unforeseeable, employees of the bar had a duty to protect Boone once the assault commenced. The court also concluded that the Palace Bar breached that duty when its employees failed to intervene or take reasonable steps to protect Boone during the assault.[2]

The Palace Bar now challenges the court of appeals' decision, arguing that the trial court's directed verdict on the negligence claim was proper because the attack was unforeseeable, and thus there was no evidence to support any theory of negligence against the bar. The Boones, on the other hand, argue that the bar had notice of Martinez's vicious propensities, and that the injuries to Boone were foreseeable.

■ On appeal from a directed verdict, we make an independent determination of whether the evidence was sufficient to present a fact question to the jury. *Nemanic v.*

*Gopher Heating and Sheet Metal, Inc.*, 337 N.W.2d 667, 669 (Minn.1983). In making such a determination, we review the evidence in a light most favorable to the nonmoving party. *Baber v. Dill*, 531 N.W.2d 493, 495 (Minn.1995).

■ In order to establish an innkeeper's liability, a plaintiff must prove four elements: (1) the proprietor must be put on notice of the offending party's vicious or dangerous propensities by some act or threat, (2) the proprietor must have an adequate opportunity to protect the injured patron, (3) the proprietor must fail to take reasonable steps to protect the injured patron, and (4) the injury must be foreseeable. *Alholm v. Wilt*, 394 N.W.2d 488, 489 n. 3 (Minn.1986). Foreseeability is a threshold issue and is more properly decided by the court prior to submitting the case to the jury. *Id.* at 491 n. 5. Both parties in this case agree that a tavern owner has the duty to maintain safety and order for the protection of its patrons, but that a prerequisite to that duty is that injury to a patron by another patron permitted to frequent the premises must be foreseeable. *Schwingler v. Doebel*, 309 N.W.2d 760 (Minn. 1981).

■ The Boones concede that the fight itself was sudden and occurred without any warning. The Boones, however, make two arguments to support their claim that the Palace Bar had notice of Martinez's vicious propensities. First, the Boones claim that the bar was aware of Martinez's vicious pro-

1. In regard to the remaining claims, the jury found that the Palace Bar made an illegal sale of alcohol to Martinez, but that this sale was not a direct cause of Boone's injuries. Despite this finding, the jury apportioned 30 percent fault to the Palace Bar. The jury also found that Boone was negligent and apportioned 10 percent fault to him. The jury also apportioned 60 percent fault to Martinez.

In response to the Palace Bar's motion that judgment be entered in its favor, the trial judge subsequently issued findings of fact and conclusions of law that removed the 30 percent fault apportioned to the Palace Bar. Thus, the court apportioned 10 percent fault to Boone and 90 percent fault to Martinez.

The Boones then made a motion for a judgment notwithstanding the verdict (JNOV) or alternatively for a new trial, arguing that Martinez's intoxication was a direct cause of Boone's

injuries and that Boone was not negligent. The trial judge then granted the motion for JNOV, finding that the sale of alcohol by the Palace Bar to Martinez was a direct cause of Boone's injuries and that Boone was not negligent. The judge further apportioned 34.2 percent fault to the Palace Bar and 65.8 percent to Martinez.

2. The court of appeals also reversed the JNOV on the dram shop claim, holding that the jury could have reasonably found that Martinez's intoxication, caused by the illegal sale of alcohol by Palace Bar, was not a direct cause of the assault. In regard to the issue of Boone's negligence, the court of appeals affirmed the JNOV, concluding that the evidence supported the court's finding that Boone was not negligent. Neither of these issues is before us.

pensities because of a prior incident involving Martinez which occurred outside the bar. Martinez testified that he was involved in a fight in 1990 that occurred outside the Palace Bar about an hour before the bar closed. During that incident, Martinez said he used a pool cue that belonged to a friend of his to strike another person. Robert Adams testified that he was employed by the Palace Bar around that time and that he had heard after the fact that someone was hit with a pool cue outside the bar, but that he did not know who was involved in that incident. Furthermore, a police detective who was familiar with the 1990 incident said there was no indication in the police reports that any bar employees had been interviewed or informed about the incident. We conclude, therefore, that the evidence presented was not sufficient to present the jury with a fact question concerning whether the bar had notice of Martinez's vicious propensities.

■ The Boones further argue that the Palace Bar had notice of Martinez's vicious propensities because of his behavior on the night of the incident. We note that the evidence presented on this claim was limited to testimony that Martinez looked both like he was obviously intoxicated and angry that night. Another witness also stated that he saw Martinez "half-slam" his beer down on the table. We conclude, however, that this evidence was not sufficient to present the jury with a fact question of whether the bar was aware of Martinez's vicious propensities.

Contrary to the Boones' argument, the evidence established that the assault by Martinez was sudden and unforeseeable. Boone testified that when he first saw Martinez in the bar, he became uncomfortable because Boone had beaten up Martinez in a fight seven years earlier. Boone was concerned that Martinez would seek revenge against him that night, particularly because Martinez was drinking with a group of people. However, Boone said he felt more at ease after Martinez walked by him and acknowledged him without exchanging any words.

The fight was initiated when Martinez approached Boone from behind and suddenly struck him on the head with a beer mug. Boone testified there was no indication that a fight between him and Martinez would ensue and that the fight occurred without any warning. Martinez also testified that he deliberately took Boone by surprise in his initial assault on him so as to gain an advantage over him. Several witnesses to the assault testified that the fight broke out suddenly and without any warning.

Viewing the evidence in the light most favorable to Boone, the fight lasted as long as 3 minutes. At the time of the incident, there were only two employees working in the bar. Both employees testified that by the time they arrived at the scene of the fight, it already had been broken up. We conclude that the evidence was not sufficient to present a fact question to the jury regarding the bar's negligence. Because the fight was sudden and unforeseeable, the Palace Bar is not liable for resulting injuries suffered by Boone. Thus, we reverse the court of appeals and hold that the trial court properly granted a directed verdict on the negligence claim against the Palace Bar.

Reversed and remanded to the trial court to order judgment against Martinez.