**The TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Genevieve A. SPRINGER, Respondent.**

**No. 49231.**

Supreme Court of Minnesota.

Nov. 30, 1979.

---

Cousineau, McGuire, Shaughnessy & Anderson and Mark L. Pfister, Minneapolis, for appellant.

Gordon Rosenmeier and John E. Simonett, Little Falls, for respondent.

Heard before ROGOSHESKE, WAHL, and MAXWELL, JJ., and considered and decided by the court en banc.

TODD, Justice.

The Travelers Insurance Company (Travelers), a workers' compensation insurer, appeals from summary judgment entered against it. The trial court held that Travelers' right to seek reimbursement from a negligent third-party motorist for the medical expenses paid to an injured employee under the Workers' Compensation Act was abrogated by the no-fault automobile insurance act. We reverse and remand.

On October 28, 1975, a car driven by Genevieve Springer collided with a vehicle driven by Mark Anderson, who sustained injuries. Because Anderson was acting within the scope of his employment at the time of the accident, his medical expenses in the amount of $104 were paid by his employer's workers' compensation insurer, Travelers. Travelers commenced suit against Springer to recover $88, reduced from $104 by the stipulated amount of Anderson's negligence. Springer prevailed on her motion for summary judgment, and this appeal was taken.

The two issues presented are:

(1) What kind of right does Minn.Stat. § 176.061, subd. 7 (1978), create for the employer's compensation carrier to seek reimbursement for medical expenses paid by it to an employee?

(2) Whether that right is abrogated by the no-fault automobile insurance act to the extent that the expenses do not exceed the no-fault tort threshold?

Although we held in *American Mutual Liability Ins. Co. v. Reed Cleaners*, 265

Minn. 503, 122 N.W.2d 178 (1963), that Minn.Stat. § 176.061, subd. 5 (1978),[1] created a right of subrogation in the employee or its compensation carrier, we did not address the nature of rights created by subd. 7[2] in that case. Examination of both subdivisions, however, reveals their markedly different language and effect. In subd. 5, the legislature tied the compensation carrier's rights to receive reimbursement for its compensation expenses to the employee's ability to collect from the third party. In fact, at one point the legislature actually stated "the employer (carrier) is subrogated to the rights of the employee."

In subd. 7, on the other hand, the legislature gave the compensation carrier "a *separate additional* cause of action against such third party to recover any amounts paid by him for medical treatment * * *. This separate cause of action * * * may be asserted in a *separate action* * * *." (emphasis added.) By this language, the legislature has clearly established a special right for carriers to sue third parties for any amounts of compensation paid to the employee as medical expenses. *See Froysland v. Leef Bros., Inc.,* 293 Minn. 201, 197 N.W.2d 656 (1972). This right is entirely independent of any right the employee may have. Thus, Travelers has a statutory cause of action against the respondent, "[a] right of action under a statute which supersedes the common law and is strictly a statutory right of action, although the same facts would have constituted a right of action under prior common-law principles." 1 C.J.S., *Actions* § 9, p. 990 (1936).

 Even though Travelers has a statutory right of action, that right may have

---

1. Minn.Stat. § 176.061, subd. 5 (1978), provides: Where an injury or death for which compensation is payable is caused under circumstances which created a legal liability for damages on the part of a party other than the employer, that party being then insured or self-insured in accordance with this chapter, and the provisions of subdivisions 1, 2, 3, and 4 do not apply, or the party other than the employer is not then insured or self-insured as provided by this chapter, legal proceedings may be taken by the employee or his dependents against the other party to recover damages, notwithstanding the payment by the employer or his liability to pay compensation. If the action against such other party is brought by the injured employee or his dependents and a judgment is obtained and paid or settlement is made with the other party, the employer may deduct from the compensation payable by him the amount actually received by the employee or dependents in accordance with subdivision 6. If the action is not diligently prosecuted or if the court deems it advisable in order to protect the interests of the employer, upon application the court may grant the employer the right to intervene in any such action for the prosecution thereof. If the injured employee or his dependents agree to receive compensation from the employer or institute proceedings to recover the same or accept from the employer any payment on account of such compensation, the employer is subrogated to the rights of the employee or his dependents. This employer may maintain an action or continue an action already instituted. This action may be maintained in the name of the employee or the names of the dependents or in the name of the employer against such other party for the recovery of damages. If the action is not diligently prosecuted by the employer or the court deems it advisable in order to protect the interest of the employee, the court, upon application, may grant to the employee or his dependents the right to intervene in the action for the prosecution thereof. The proceeds of such action or settlement thereof shall be paid in accordance with subdivision 6. Such party is not liable to any person other than the employee or his dependents for any damages resulting from the injury or death.

2. Minn.Stat. § 176.061, subd. 7 (1978), provides: The liability of an employer for medical treatment under this chapter shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, against whom the employee may have a cause of action which may be sued under this chapter, but the employer shall have a separate additional cause of action against such third party to recover any amounts paid by him for medical treatment under this section resulting from the negligence of such third party. This separate cause of action of the employer may be asserted in a separate action brought by the employer against such third party or in the action commenced by the employee or the employer under this chapter, but in the latter case the cause of action shall be separately stated, the amount awarded thereon shall be separately set out in the verdict, and the amount recovered by suit or otherwise as reimbursement for medical expenses shall be for the benefit of the employer to the extent that the employer has paid or will be required to pay for medical treatment of the injured employee and shall not affect the amount of periodic compensation to be paid.

been abrogated by the no-fault insurance act. Support for the position that the no-fault act ended all rights to recover against the tortfeasor for amounts less than the threshold amount exists in the Michigan case of *Flower v. Gensterblum,* 86 Mich. App. 561, 272 N.W.2d 726 (1978). The Minnesota no-fault act, however, operates differently than those of other states such as Michigan. Minn.Stat. § 65B.51, subd. 3 (1978), provides in part that "In an action described in subdivision 1, no person shall *recover damages* for non-economic detriment unless * * *." (emphasis added.) Thus, the Minnesota no-fault act does not preclude all suits, nor extinguish all claims, but merely provides that generally damages cannot be recovered unless certain threshold requirements are met.

The Michigan statute is significantly different than Minnesota's. Mich.Stat.Ann. § 24.13135, subd. 2 (1978) [M.C.L.A. § 500.-3135(2)], provides that "Notwithstanding any other provision of law, tort liability [with respect to the operation of motor vehicles] * * * is abolished except as to * * *." Thus, Michigan, taking an entirely different approach than Minnesota, has abolished tort liability. Had Minnesota abolished tort liability, then logically we would reach the conclusion that no one could recover against the tortfeasor. Minnesota did not do this, however.

Neither did the other provisions of the no-fault act expressly abrogate the independent statutory right of action granted to carriers. Further, they did not even impliedly abrogate this right. Quite to the contrary, Minnesota's no-fault system grants parties, in certain situations, rights to recover damages even though they do not meet the threshold obligations of the statute. *See* Minn.Stat. 65B.51, subd. 2 (1978), and 65B.53, subd. 1 (1978). These exceptions merely emphasize the fact that Minnesota did not abolish tort liability but merely denied the right of recovery to injured parties in certain situations. Thus, allowing the employers to recover under § 176.061, subd. 7, would not be inconsistent with the overall effect of the no-fault act.

We reverse the decision of the trial court and uphold the independent statutory right of Travelers to sue for the amount of its medical expenses compensation.

Reversed and remanded.

WAHL, Justice (dissenting).

I respectfully dissent. I would affirm the trial court's determination that any right acquired by the employer or workers' compensation insurer is based on subrogation to the employee's cause of action against a third party. Because the employee is precluded by the no-fault automobile insurance act from suing the third-party tortfeasor for basic economic loss, the employee has no right to which Travelers could be subrogated.

Subdivision 5 by its terms creates a right of subrogation in the employer. Since subrogation "will be applied wherever a person not acting voluntarily, but under some compulsion, pays a debt or discharges an obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter," 83 C.J.S. Subrogation § 8, p. 600, it is clear that Travelers would not be entitled to recover from the tortfeasor under subdivision 5, because, by virtue of the no-fault act, the tortfeasor is not primarily liable for the injured employee's medical expenses.

In *American Mutual Liability Ins. Co. v. Reed Cleaners,* 265 Minn. 503, 122 N.W.2d 178 (1963), we rejected the argument that the workers' compensation insurer had a right of indemnity independent of its right to subrogation under subdivision 5. Although we were not called upon in that case to examine the nature of the rights created by subdivision 7, the language of that portion of the statute indicates that it, too, provides a right of subrogation only.

Subdivision 7 addresses itself to the employer's cause of action to recover medical expenses from the tortfeasor "against whom the employee may have a cause of action which may be sued under this chapter * * *." Similarly, the subdivision refers to this cause of action as a "separate

additional" cause of action, which assumes that the employee also has a cause of action against the tortfeasor. Moreover, subdivision 7 states that the employer's cause of action may be asserted separately or "in the action commenced by the employee or the employer under this chapter * * *." This latter reference is to the action against the tortfeasor that may be brought under subdivision 5. See, *Froysland v. Leef Bros., Inc.,* 293 Minn. 201, 197 N.W.2d 656 (1972). It would be incongruous to interpret subdivision 7 to establish a cause of action for the recovery of medical expenses that could be asserted either separately as an independent claim for indemnification, or in conjunction with a cause of action brought pursuant to subdivision 5, which only grants the employer subrogation rights, for then the employer's ability to recover would depend on a mere procedural technicality.

I would hold that Minn.Stat. 176.061, subd. 7, creates a right of subrogation in the workers' compensation carrier and that, consequently, where the no-fault act precludes the injured employee from recovering medical expenses from the tortfeasor, the workers' compensation carrier is likewise precluded from bringing suit.

SHERAN, Chief Justice (dissenting).

I agree with Justice Wahl.