Richard COUGHLIN, Appellant,

v.

Tony P. RADOSEVICH, d.b.a.
Earthwood Inn; et al.,
Defendants,

Moose Club, et al., Respondents,

and

Tony RADOSEVICH, d.b.a. Earthwood
Inn, Third Party Plaintiff,

v.

Kenneth Roy LABOUNTY, et al., Third
Party Defendants.

No. C9–84–2161.

Court of Appeals of Minnesota.

Aug. 20, 1985.

Review Denied Nov. 1, 1985.

H.L. Newby, Jr., Jean M. Klosowski, Cloquet, for appellant.

Lewis A. Remele, Jr., Rider, Bennett, Egan & Arundel, Minneapolis, for defendants.

Lewis A. Remele, Jr., Eric J. Magnuson, Jeremiah P. Gallivan, Rider, Bennett, Egan & Arundel, Minneapolis, for respondents.

Heard, considered and decided by WOZNIAK, P.J., and LANSING and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Richard Coughlin brought this dram shop action against respondents Moose Club and Western Surety Co. (Moose Club) for damages arising out of a January 15, 1981 car accident. In a previous separate action, Coughlin sued the driver and owner of the other vehicle. The jury found that Coughlin sustained $25,170 in damages and that his wife sustained $3,850. However, because the jury found that the no-fault threshold had not been reached, these damages were not recovered.

Upon pretrial motion, the trial court granted summary judgment in favor of Moose Club on the issue of damages and limited the trial to the issue of Moose Club's liability. The trial court also denied Coughlin's motions to add Colleen Coughlin (Richard's wife) as a plaintiff in his dram shop complaint and to add a claim for punitive damages against Moose Club. Coughlin sought discretionary review of the trial court's order and review was granted. Affirmed in part, reversed in part.

## FACTS

On January 15, 1981, Richard Coughlin was rear-ended by a car driven by Kenneth LaBounty. Following the accident, LaBounty pleaded guilty to a D.W.I. charge.

Coughlin and his wife Colleen commenced an action against LaBounty and the owner of the vehicle to recover noneconomic losses over and above Coughlin's no-fault benefits. A second action was commenced by Coughlin alone against Moose Club and another liquor establishment that was subsequently dismissed from the case. The second action was based on allegations that the two liquor establishments served liquor to LaBounty on the night of the accident in violation of the Dram Shop Act. Coughlin sought to consolidate the two actions, but that motion was denied.

The *Coughlin v. LaBounty (LaBounty)* action was the subject of a jury trial in January 1984. The defendants admitted liability, so the trial focused on the Coughlins' damages.

Coughlin's treating physician, Dr. William Pollard, testified concerning Coughlin's future medical problems. Dr. Pollard testified at one point that Coughlin would require ongoing examinations, treatment and ultimately neck surgery. Dr. Pollard testified that there was a seventy percent probability that Coughlin would undergo surgery. He estimated that the cost of the surgery would be approximately $8,000 and the cost of other medical expenses would be between $400–$600. Dr. Pollard also testified that even after surgery Coughlin

would still have a permanent disability. LaBounty's expert witness testified that he did not find any evidence of disability.

The jury was given the standard damages instruction on future damages. The trial court instructed the jury that it could consider the future pain and disability that Coughlin was reasonably certain to experience, as well as future medical expenses that Coughlin was reasonably certain to require.

The jury found that Coughlin sustained damages of $25,170 as a result of the accident and that Colleen Coughlin sustained damages of $3,850. The jury further found that Coughlin neither sustained a permanent injury nor was he disabled for more than sixty days as a result of the accident. Thus, the Coughlins were uncompensated in the *LaBounty* action since they did not meet the threshold requirements of the No-Fault Act.

The Coughlins appealed the denial of their post-trial motions to this court and we affirmed the trial court in *Coughlin v. La-Bounty*, 354 N.W.2d 48 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Jan. 9, 1985).

Coughlin had surgery on his back about three months after the *LaBounty* trial. That surgery cost approximately $5,000.

Coughlin then pursued this action. In pretrial motions, Coughlin sought to amend his complaint to add his wife as a party and to add a claim for punitive damages. The trial court denied both of Coughlin's motions. Moose Club sought to limit the trial to the issue of liability with the damages based on the jury's findings in *LaBounty*. The trial court granted Moose Club's motion. Coughlin appeals from the trial court's rulings on these motions.

## ISSUES

1. Did the trial court err in determining that collateral estoppel precluded appellant from litigating his damages in his dram shop action?

2. Did the trial court err in denying appellant's request to amend his complaint to include his wife as a plaintiff?

3. Did the trial court err in denying appellant's request to amend his complaint to include a claim for punitive damages?

## ANALYSIS

### I.

Collateral estoppel precludes the relitigation of a right, question, or fact distinctly put in issue and directly determined in a prior adjudication. *Southern Pacific Railroad v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897).

The doctrine is appropriately invoked only when, among other requirements, the issue sought to be litigated has already been determined in a prior action and where the determination of that issue was necessary to warrant the judgment obtained. *Hierl v. McClure*, 238 Minn. 335, 340, 56 N.W.2d 721, 723–24 (Minn. 1953).

Coughlin asserts that the trial court erred in determining that he was collaterally estopped from litigating the damages issue in his dram shop action. Coughlin's claim is that he did not have a full and fair opportunity to litigate his damages in the first action.

The change in facts which moves the likelihood of surgery from seventy percent to one hundred percent is not itself sufficient to subject the entire issue to relitigation. The damages were fully and fairly litigated and determined in *LaBounty*. However, in *LaBounty*, it was not necessary for the jury to determine damages. Therefore, this issue, although fully and fairly litigated, does not have preclusive effect.

Two reasons are commonly advanced to justify the "necessary to the judgment" requirement of collateral estoppel. First, the prior decision-maker may not have taken sufficient care in determining an insignificant point not central to the ultimate decision; and second, appellate review may

well be unavailable to an unnecessary determination, and the litigant is left without appellate recourse. 18c. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4421 at 193 (1981).

Here, it is possible that the *LaBounty* jury did not give careful consideration to the damages question. Perhaps the jurors realized, when setting the award, that the amount was unimportant because the thresholds were not met and there would be no recovery. Additionally, Coughlin's appeal of the award is impeded. Because the question of damages was unnecessarily decided in *LaBounty*, the determination does not collaterally estop the relitigation of damages in the present case. We find that the trial court erred in determining that Coughlin is estopped from litigating the damages issue in the dram shop action.

## II.

Coughlin also contends that the trial court erred by denying his request to amend his complaint against Moose Club to include his wife Colleen as a plaintiff. We agree.

■ As the wife of Richard Coughlin, she is entitled to litigate her damages claim, and the rules governing permissive joinder allow her addition as a party. The failure to consolidate actions and parties has already created problems in the litigation. The trial court should allow Coughlin to amend his complaint against Moose Club to include Colleen as a plaintiff.

## III.

Coughlin also argues that the trial court erroneously denied his request to add a claim for punitive damages to his complaint against Moose Club. Coughlin analogizes his dram shop action to recent cases from this court which allow an award of punitive damages in actions against intoxicated drivers.

The trial court properly denied Coughlin's motion.

■ There is a significant distinction between an action against an intoxicated driver and a dram shop action against a liquor vendor. An action against an intoxicated driver has its roots in common law. In contrast, a cause of action against a liquor vendor exists only by virtue of enactment of the Dram Shop Act, Minn.Stat. § 340.95 (1980). The Dram Shop Act is the exclusive remedy available against liquor vendors. *Meany v. Newell*, 367 N.W.2d 472, 474 (Minn.1985). Since the cause of action is a creation of statute, it cannot be expanded by judicial construction beyond its explicit terms. *Seeley v. Sobczak*, 281 N.W.2d 368, 371 (Minn.1979).

■ The Dram Shop Act entitles an injured party to recover all damages sustained for injuries to "person or property, or means of support." Minn.Stat. § 340.95 (1980). The Act does not authorize a recovery of punitive damages.

Case law supports the trial court's denial of Coughlin's punitive damages claim. In *Fitzer v. Bloom*, 253 N.W.2d 395 (Minn. 1977), the court did not allow a recovery for "other" pecuniary losses under the version of the Dram Shop Act that is applicable to this case. The court relied on the fact that the Dram Shop Act is a statutory creation and it did not provide for recovery of "other" pecuniary losses. *Id.* at 402. In 1982, the Minnesota legislature amended the Dram Shop Act to include recovery for "other pecuniary loss." *See* 1982 Minn. Laws ch. 528, § 7 (codified at Minn.Stat. § 340.95 (1984)). Significantly, the legislature did not provide recovery for punitive losses in that amendment.

Following a similar analysis, the court in *Eisert v. Greenberg Roofing & Sheet Metal Co.*, 314 N.W.2d 226, 228 (Minn.1982), held that punitive damages were not recoverable in an action under the wrongful death statute. As in *Fitzer*, the court relied on the fact that the wrongful death statute, as originally written, was a statutory creation and made no mention of punitive damages. Subsequently, the legislature amended the wrongful death statute to permit recovery of punitive damages.

*See* 1983 Minn. Laws ch. 347, § 2 (codified at Minn.Stat. § 573.02, subd. 1 (1984)).

Since the Dram Shop Act does not specifically authorize a recovery of punitive damages, we conclude that the trial court properly denied Coughlin's motion to amend his complaint to include a punitive damages claim.

## DECISION

The trial court erred in determining that collateral estoppel precluded Coughlin from litigating the damages issue in his dram shop action. The trial court also erred in denying Coughlin's motion to amend his complaint to include his wife as a plaintiff. The trial court properly denied Coughlin's motion to amend his dram shop complaint to include a punitive damages claim.

Affirmed in part, reversed in part.

RANDALL, J., concurs specially.

RANDALL, Judge, concurring specially.

I concur with the result reached by the majority.

However, as to Issue I, collateral estoppel, I would reverse and grant the plaintiff a new trial on damages, not only on the basis found by the majority, i.e., that once it was determined that the no-fault threshold was not reached, the damage issue was moot and it was unnecessary for the jury to determine damages, but also because the damage issue to be decided by the jury in the upcoming case (*Coughlin v. Moose Club*) is substantially different than the damage issue decided by the jury in the first case (*Coughlin v. LaBounty*).

Coughlin asserts that the trial court erred in determining that he was collaterally estopped from litigating the damage issue in his dram shop action (second of two trials resulting from the same accident). I agree.

The trial court based its collateral estoppel ruling on the ground that all damage issues were considered and decided in *LaBounty*. The trial court reasoned that, since the *LaBounty* jury heard expert testimony as to the probability that Coughlin would need future surgery, along with testimony relative to the projected expenses for that surgery, all damage issues were fully litigated at that first trial. The trial court ruled that the damage figure, even though uncollectable because no tort thresholds were reached, as a matter of law would be filled in at the second trial, with the next jury to decide only liability, if any, of the Moose Club.

Collateral estoppel is appropriate where, among other requirements, the issue presented is *identical* to one in a prior adjudication. The party estopped must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Ellis v. Minneapolis Commission on Civil Rights*, 319 N.W.2d 702, 704 (Minn.1982). *See also Kaiser v. Northern States Power Co.*, 353 N.W.2d 899, 902 (Minn.1984). Neither of these requirements have been met here.

Since the facts underlying appellant's damages claim have changed substantially, the damage issue in this action is different from the damage issue litigated in *LaBounty*. At the *LaBounty* trial, Coughlin's treating physician testified that there was a seventy percent probability that Coughlin would have to undergo surgery. LaBounty's expert witness testified that Coughlin did not suffer from *any* disability as a result of the accident. This testimony implied that Coughlin would not have to undergo surgery.

Since *LaBounty*, Coughlin has undergone back surgery, and this new evidence will be presented for the jury to consider. Since surgery was actually performed, the treating physician may now have a different opinion regarding the permanency of Coughlin's injury (which could be less or greater), and Coughlin may testify to his pain and discomfort resulting from actual surgery, evidence he could not have presented at the first trial.

There is a difference between evidence indicating a possibility of surgery and evidence of actual surgery. At the first trial, the jury was entitled, based on their per-

ception of the credibility of the two conflicting medical experts' opinions, to come to a conclusion that there was little or no possibility of future surgery. A jury is not required to accept the opinion of medical experts as to future estimates. *See* Civ. Jig II, 22 G–S. On the other hand, a jury cannot ignore an undisputed fact.

In the second trial, since Coughlin has had surgery, the jury will not be able to consider the possibility that he might not have the surgery in deciding damages. Assessing the dollar value, if any, attributable to the surgery is within their discretion, but they cannot compute damages as if surgery did not happen as could the *LaBounty* jury, which considered damages and had the latitude either to decide that surgery would be unnecessary or, if it was, that it had no dollar value.

This difference between the facts underlying the two damage claims (the possibility of future versus the actual back surgery) renders collateral estoppel inapplicable to Coughlin's dram shop action.

Coughlin is not precluded from relitigating his damage claim because his actual medical expenses for the surgery were less than the treating physician's estimate at the *LaBounty* trial. The *LaBounty* jury may not have considered the cost of Coughlin's future surgery, since that jury may have initially determined that Coughlin likely would not undergo future surgery.

I conclude that Coughlin is entitled to the opportunity to fully and fairly litigate the nature and extent of his injuries following actual, not projected, surgery.