**Leland M. OTTO, et al., Appellants,**

v.

**Lawrence Jacob HENNEN, Respondent.**

**No. C3–86–300.**

Court of Appeals of Minnesota.

Nov. 4, 1986.

Review Denied Jan. 2, 1987.

Robert A. Nicklaus, Chaska, for appellants.

R. Gregory Stephens, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and SEDGWICK and NIER-ENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Otto appeals from a $53,900 general verdict on his personal injury claim which was offset under Minn.Stat. § 65B.51 (1984) by $41,257.76 in paid medical expenses and lost wages. Appellant's motions for either a new trial or additur were denied. We affirm.

## FACTS

Leland Otto was injured in a 1980 auto accident when his pickup truck was struck in the left front by respondent's car which was traveling over 30 miles an hour. Appellant hit his head and may have been knocked unconscious, but he was able to walk about following the accident. The immediate effect of the accident was a headache, but later that day Otto visited the local hospital complaining of various body pains. Since the 1980 auto accident, appellant has suffered chronic back pain which has hindered him in employment and

in life. Before the accident, appellant worked as a farm laborer. Afterwards, he could only perform light tasks since strenuous exertion or extended periods of being up and about caused pain. Although Otto traces his pain to the auto accident, other prior and intervening accidents complicate the picture.

Three events before the auto accident could have affected Otto's back and created the back ailment. In 1975, appellant broke his nose when he was hit in the face by a tree branch. According to experts, force sufficient to break a nose could affect the neck and back. Otto, however, testified he suffered no significant or continuing neck or back pain in connection with the accident. In 1977, appellant suffered a "cow whiplash," i.e., while milking, a cow partially fell on him and injured his neck. The pain did not last. Finally, in February 1980, appellant was pressed against a building by a hopper and suffered tenderness in his lower back. Otto's trial testimony was impeached with his deposition in which he failed to mention his history of neck and back troubles.

Other intervening factors occurred since 1980. In May 1983, appellant was attending his first dance since the auto accident. He was attacked from behind by a cousin who proceeded to punch Otto into unconsciousness and then, as Otto lay on the floor, kicked him several times. Otto's ankle was also broken in the process. His back pain was significantly worse after the assault. In 1984, Otto was punched several times by his brother in frustration over Otto's inability to work on the farm. An incident opening a silo door also caused back problems.

In 1984, appellant was diagnosed to have either a disc problem or a spur at the C5–6 vertebrate level. Although surgery was successfully performed, appellant continues to have pain and suffers from a disability of about 10%, in part attributable to the auto accident.

Respondent admitted liability in regard to the accident, but disputed damages. A jury awarded appellant $53,900 for his injuries and awarded his wife $2,300 for loss of consortium. The $53,900 award was offset by $41,257.76 stipulated as the previously paid no-fault benefits for medical expenses and wage loss. Otto alleges it was error to use a general verdict form.

### ISSUES

1. Did the trial court err in using a general verdict in conjunction with Minn. Stat. § 65B.51 which requires no fault payments to be offset against appellant's recovery?

2. Did the trial court err in denying the motion for additur or a new trial?

### ANALYSIS

1. Under Minn.Stat. § 65B.51, subd. 1 (1984), payments made under no-fault should be offset against any recovery stemming from the same accident and payable to the same individual. The parties stipulated that $41,257.76 had been paid for medical expenses and wage loss and agreed it should be offset against Otto's recovery. The parties debated the proper verdict form to be used in conjunction with the stipulation and eventually agreed to a general verdict. Appellant now asserts that a general verdict was improper.

Although Minn.Stat. § 65B.51 contains no specific requirement as to verdict form, these cases should normally be submitted to the jury on special interrogatories. *Danielson v. Johnson*, 366 N.W.2d 309, 315 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 24, 1985). With special interrogatories, it is possible to analyze a jury's award and to ascertain whether it fully compensates an injury. "Otherwise, * * * the offset for no-fault economic benefits could invade the recovery intended by the jury for non-economic losses." *Id.*

Here, although appellant's counsel stipulated to the amount actually paid in medical and lost wages, he wanted the right to argue for a much larger amount of lost wages which would have increased appellant's net recovery. However, this plan

backfired and the jury returned a verdict only marginally greater than the stipulation's total. We see no reason to insist on a special interrogatory where both counsel stipulate to the amounts paid for medical and lost wages, and agree that the stipulated amounts can be deducted from the general verdict.

2. Appellant argues the verdict is plainly inadequate. Otto did suffer a confirmed disability that can be traced, at least in part, to the auto accident. Appellant's experts testified the auto accident played a crucial role in the disability.

The jury determines the believability and weight of all testimony, including that of experts. Considering Otto's medical history, the jury may well have believed the disability was caused by the dance floor beating and that the auto accident was a relatively minor factor. In view of these facts, we cannot say the jury's award was so inadequate as to require additur. *Krueger v. Knutson*, 261 Minn. 144, 111 N.W.2d 526 (1961).

> The trial judge * * * possesses a wide range of discretion in such matters after the verdict has been rendered and he may within reason unconditionally impose additurs or remittiturs or he may in the interests of justice impose a new trial. But those matters rest almost wholly within his discretion, and the exercise of that discretion is rarely disturbed on appeal unless there has been what is termed a clear abuse.

*Id.* at 158, 111 N.W.2d at 535.

Under the circumstances, no clear abuse of discretion occurred.

## DECISION

A general verdict may only be used when no-fault payments are to be offset against jury awards pursuant to Minn.Stat. § 65B.51, subd. 1, if the parties have consented to the verdict form and stipulated to the amounts to be offset. The denial of a motion for new trial or additur does not reflect an abuse of discretion when appellant had previous back and neck trouble.

Affirmed.