**Richard FETTE, trustee for the next of kin of Gregory Fette, et al., Respondents,**

**v.**

**Mark D. PETERSON, Respondent,**

**Rusty Redning, d.b.a. Embassy Bar, Appellant,**

**LeRoy, Blaschko, d.b.a. Peterson's Recreational Center, Defendant.**

**No. C9–87–117.**

Court of Appeals of Minnesota.

June 2, 1987.

Review Denied June 30, 1987.

Peter J. Schmitz, Schmitz & Ophaug, Northfield, for Richard Fette.

Andrew W. Willaert, Hottinger Law Offices, Mankato, for Mark D. Peterson.

Peter E. Lind, Foster, Waldeck & Lind, Ltd., Minneapolis, for Rusty Redning.

Heard, considered and decided by CRIPPEN, P.J., LESLIE and STONE,* JJ.

## OPINION

BRUCE G. STONE, Acting Judge.

This is a separate appeal by Rusty Redning after a jury verdict which found him liable under a dram shop claim and Mark D. Peterson liable for wrongful death in an automobile accident which killed Gregory Fette. The sole issue in this appeal is whether the trial court maintained jurisdiction to enter an award of prejudgment interest for respondents after appeal from the judgment was taken. We affirm.

## FACTS

On September 22, 1986, a judgment was entered against Rusty Redning and Mark Peterson, jointly and severally for the sum of $203,000. Liability was apportioned at 25% for Redning and 75% for Peterson.

On October 22, 1986, Redning appealed from an order denying post-trial relief, alleging various errors in jury instructions and in the damage award. This court affirmed the trial court in *Fette v. Peterson*, 404 N.W.2d 862 (Minn.Ct.App.1987) (reference should be made to this opinion for factual events leading up to this appeal). On November 7, 1986, the trial court ordered amendment of the judgment to include prejudgment interest:

> That [respondents] are entitled to prejudgment interest pursuant to Minnesota Statute 549.01, subd. 1, for the period July 22, 1985 to July 16, 1986 in the amount of $16,887.98.

Amended judgment was entered November 10, 1981. On December 15, 1986, this court denied Redning's amended notice of appeal from the November 10, 1986 judgment, but granted him leave to file a separate appeal on the prejudgment interest question. Notice of appeal from the amended judgment was subsequently filed in January 1987.

## ISSUE

Did the trial court maintain jurisdiction to order prejudgment interest after appeal was taken from the original judgment?

## ANALYSIS

Redning claims that the trial court's November 7, 1986 order amending the judgment is null and void because it lost jurisdiction once appeal was perfected on October 22, 1986. Alternatively, he asserts that prejudgment interest under Minn.Stat.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

§ 549.09 (1986) is not applicable to dram shop actions premised on the statute in effect at the time of the accident. Minn. Stat. § 340.95 (1984), *repealed by* 1985 Minn.Laws, ch. 305 § 1. Redning's alternative argument merits only brief discussion.

Essentially, Redning contends that prejudgment interest is not permitted in a dram shop action under Minn.Stat. § 340.95 because the statute makes no reference to this type of award. He analogizes the absence of language in section 340.95 permitting prejudgment interest to the absence of language allowing recovery of punitive damages and relies on *Coughlin v. Radosevich*, 372 N.W.2d 817 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn.1985) to support this analogy. In *Coughlin*, we held that a dram shop action under section 340.95 was a creature of statute and could not be expanded by judicial construction beyond its explicit terms. Because the statute did not expressly authorize recovery of punitive damages, such a recovery could not be made.

■ Redning's analogy to *Coughlin* is unpersuasive since it is evident that punitive damages and prejudgment interest are premised on different policies. Punitive damages are limited to civil actions where "upon clear and convincing evidence * * * the acts of the defendant show a willful indifference to the rights or safety of others." Minn.Stat. § 549.20 (1984). In order to seek punitive damages, a complainant must allege an "applicable legal basis under section 549.20 *or other law* for awarding punitive damages in the action * * *." Minn.Stat. § 549.191 (1984) (emphasis supplied). Because section 340.95 was silent with respect to punitive damages, no legal basis existed in *Coughlin* for such an award. Prejudgment interest, by contrast, is limited only by contract or by the exceptions listed in section 549.09, subd. 1(b) and is compensatory in nature, not punitive.

Redning seeks to fortify his claim that the trial court's order amending the judgment is null and void by relying on *Gummow v. Gummow*, 356 N.W.2d 426 (Minn. Ct.App.1984), *appeal after remand*, 375 N.W.2d 30 (Minn.Ct.App.1985), and subsequent cases holding that a trial court loses jurisdiction once an appeal is perfected. In *Gummow*, this court reversed an order amending a property division after appeal from the dissolution judgment had already been filed and an additional stay of the appeal was denied by this court.

As we stated in *Evans v. Blesi*, 345 N.W.2d 775 (Minn.Ct.App.1984), an order entered after an appeal is taken, even if not really late, is of no effect since jurisdiction shifts to [the appellate court] once an appeal is perfected.

*Id.*, 346 N.W.2d at 428. *Accord Andersen v. Andersen*, 376 N.W.2d 711, 716–17 (Minn.Ct.App.1985) (post-appeal order amending judgment to reduce monetary award null and void because the trial court lost jurisdiction once notice of appeal was filed); *Brzinski v. Frederickson*, 365 N.W.2d 291, 292 (Minn.Ct.App.1985) (post-appeal order amending child support arrearages "of no effect"). *Compare Abendroth v. National Farmers Union Property & Casualty Co.*, 363 N.W.2d 785, 788 (Minn.Ct.App.1985) (trial court's amended findings on crop damage after appeal was perfected adopted by the court of appeals when relevance to damage award was of "undisputed merit").

At first blush, the reasoning of *Gummow* and its progeny appear to provide a simple resolution of the instant case, however, the nature of the award at issue compels an opposite conclusion. Minn.R. Civ.App.P. 108.03, dispositive of this appeal, provides:

When a [supersedeas] bond is filed provided by Rule 108.01, it shall stay all further proceedings in the trial court upon the judgment or order appealed from or the matter embraced in it; *but the trial court may proceed upon any other matter included in the action and not affected by the judgment or order from which the appeal is taken.*

*Id.* (emphasis supplied).

In *Welsh v. City of Orono*, 355 N.W.2d 117 (Minn.1984), the supreme court discussed the propriety of the trial court's denial of attorney's fees under 42 U.S.C.

§ 1988 (1982), even though the order was filed after the notice of appeal. "Even *after* an appeal is perfected, the *trial court does retain jurisdiction over matters collateral and supplemental to the decision on the merits.*" *Id.* at 123 (emphasis supplied). *See State v. Barnes*, 249 Minn. 301, 303, 81 N.W.2d 864, 866 (1957) ("[T]he jurisdiction of a trial court is *suspended* only as to those matters necessarily involved in the appeal, not as to those matters which are independent of, or which are supplemental to, the appeal or collateral to the proceeding in which the appealed order or judgment was rendered.") (Emphasis in original.) *See also Spaeth v. City of Plymouth*, 344 N.W.2d 815, 825–26 (Minn. 1984) (award of attorney's fees and expert's fees under Minn.Stat. § 117.045 (1982) raises a matter independent of the merits and a trial court has continuing jurisdiction to award such fees after an appeal is perfected); *In Re Welfare of C. Children*, 348 N.W.2d 94, 99 (Minn.Ct.App. 1984) (juvenile court retained authority to modify disposition of child but did not retain the power to alter its adjudication of neglect once appeal of the determination was perfected). *But see Bio-Line, Inc. v. Wilfley*, 365 N.W.2d 338, 341 (Minn.Ct.App. 1985) (since dismissal of a counterclaim and entry of default judgment would render previously filed appeal moot, the trial court was without jurisdiction to take such action); *Hasan v. McDonald's Corp.*, 377 N.W.2d 472, 473–74 (Minn.Ct.App.1985) (when depositions were not timely filed as part of appellate record, an order based on parties' stipulation that the depositions were part of the supplemental record, after filing of appeal, would not be given effect. "[T]he contents of [the] record on appeal from the summary judgment are intertwined with the summary judgment being appealed, [therefore,] the trial court had no jurisdiction to order filing of the deposition transcripts.")

Unlike the contents of the record in *Hasan* or the entry of default judgment in *Bio-Line*, an award of prejudgment interest is not intertwined with the merits of a case. Rather, like attorney's fees, prejudgment interest is collateral and supplemental to decision on the merits, playing no role in determining ultimate liability.[1] An award of prejudgment interest to the "prevailing party" is merely a tangential reference to the merits of a case and does nothing to destroy the compensatory nature of the award. *See* Minn.Stat. § 549.09, subd. 1 (1986), *Solid Gold Realty, Inc. v. Mondry*, 399 N.W.2d 681 (Minn.Ct.App.1987).

The trial court here properly calculated prejudgment interest under section 549.09, subd. 1, from the date the action was commenced (July 22, 1985) to the date the jury verdict was rendered (July 16, 1986). While we affirm the award in this case, we would deem it more prudent in the future for all parties concerned if the prejudgment interest question is decided in the original presentation, both from a standpoint of judicial efficiency and in order to avoid subsequent litigation on the issues of waiver and amount due.

**DECISION**

Affirmed.

---

1. Our decision in *Lundeen v. Lappi*, 361 N.W.2d 913, 917 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn.1985) that the trial court lacked jurisdiction to *disallow* attorney's fees in a post-appeal order, is not controlling on this case. In *Lundeen* appellants were required to *indemnify* respondents for attorney's fees. Noting that indemnification for attorney's fees is generally available only where a defense has been tendered and refused, this court ultimately held that this showing was not made and that attorney's fees were therefore improper. Here, no additional showing was required for the award of prejudgment interest, only a determination of the "prevailing party."