MOOSE CLUB, and Western Surety Company, a South Dakota corporation, Appellants,

v.

Kenneth Roy LaBOUNTY and LaBounty Manufacturing, Inc., Respondents.

No. CX–88–2629.

Court of Appeals of Minnesota.

June 27, 1989.

Review Denied Sept. 15, 1989.

Eric J. Magnuson, Martha M. Simonett, Rider, Bennett, Eagan & Arundel, Minneapolis, for appellants.

Steven W. Schneider, Halverson, Watters, Bye, Downs & Maki, Ltd., Duluth, for respondents.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and SCHULTZ *, JJ.

## OPINION

FORSBERG, Judge.

Moose Club and Western Surety Company (Moose Club) appeal from a grant of

summary judgment to respondents Kenneth LaBounty and LaBounty Manufacturing, Inc. (LaBounty), which dismissed Moose Club's action for contribution for damages paid in settlement. We reverse.

## FACTS

On January 21, 1981, Richard Coughlin, while stopped at a railroad crossing, was struck from behind by an automobile operated by respondent Kenneth LaBounty and owned by respondent LaBounty Manufacturing, Inc. LaBounty was found to have a blood alcohol concentration of .23 at the time of the accident. He was subsequently convicted for DWI.

Coughlin sued LaBounty for injuries suffered as a result of this accident. LaBounty "admitted liability," thus precluding evidence of his drinking from jury consideration. His defense was limited to the issue of damages.

Coughlin also commenced a dram shop action against appellants Moose Club and Western Surety Company and defendant Tony P. Radosevich, d/b/a Earthwood Inn. Radosevich then commenced a third-party action against LaBounty in the dram shop suit.

Coughlin's motion to consolidate these actions was denied. The trial court concluded this would allow evidence of LaBounty's drinking "through the back door" despite his admission of liability. Further, the two actions were based on different legal grounds and, in the trial court's opinion, should be tried separately.

Radosevich was granted summary judgment in May 1983. Radosevich then dismissed his third-party action against LaBounty in September 1984.

On January 18, 1984, a jury in *Coughlin v. LaBounty* found Coughlin was not permanently injured, nor disabled for more than 60 days. The jury found $25,170 in general damages. Medical expenses were stipulated by the parties at $3,850. Because this verdict failed to satisfy the tort thresholds for recovery of non-economic

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

damages under the no-fault statute,[1] the trial court held the general damages unrecoverable.

Appeal to this court followed. The jury's verdict was upheld in *Coughlin v. LaBounty*, 354 N.W.2d 48 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Jan. 9, 1985).

Approximately three months after trial, Coughlin underwent a tri-level laminectomy in an attempt to correct a back problem associated with the accident. This surgery apparently left Coughlin partially disabled. Coughlin incurred medical expenses in excess of $8,000 as a result of this surgery.

In November 1984, Coughlin moved for an order permitting service of an amended complaint allowing punitive damages in the dram shop action. Moose Club, the lone remaining defendant in that suit, also moved for an order limiting damages to the jury determination in *Coughlin v. LaBounty*, ($25,170). Coughlin's motion was denied. Moose Club's motion was granted.

Appeal to this court followed. In *Coughlin v. Radosevich*, 372 N.W.2d 817 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Nov. 1, 1985), this court held that the jury determination, while being a full and fair hearing, was not necessary to the verdict. Collateral estoppel did not apply. Damages could be relitigated.

Moose Club's subsequent motion for partial summary judgment requiring a jury instruction apportioning fault between it and LaBounty was denied. Upon rehearing for purposes of clarification, Moose Club was refused permission to file a third-party complaint against LaBounty. The court held any action by Moose Club against LaBounty must be in a separate suit for contribution.

In June 1986, Moose Club commenced the present suit for contribution. Moose Club attempted to involve LaBounty in settlement negotiations. LaBounty offered $2,500 toward settlement. For anything beyond this amount, LaBounty preferred to take their chances in a contribution action.

Moose Club settled with Coughlin for $86,000 in August 1987. As a part of the settlement, all claims and causes of action by Coughlin, against any party, were assigned to Moose Club.

LaBounty was granted summary judgment in the present contribution action in August 1988. The trial court ruled the jury verdict in *Coughlin v. LaBounty* is a verdict of no liability on the part of LaBounty and res judicata as to any third-party claims arising from the accident. The trial court also ruled that equitable considerations surrounding Moose Club's conduct in this case compelled granting LaBounty's motion for summary judgment.

This appeal followed.

1. Minn.Stat. § 65B.51, subd. 3 (1986) provides: In an action described in subdivision 1, no person shall recover damages for noneconomic detriment unless:
   (a) The sum of the following exceeds $4,000:
   (1) Reasonable medical expense benefits paid, payable or payable but for any applicable deductible, plus
   (2) The value of free medical or surgical care or ordinary and necessary nursing services performed by a relative of the injured person or a member of the injured person's household, plus
   (3) The amount by which the value of reimbursable medical services or products exceeds the amount of benefit paid, payable, or payable but for an applicable deductible for those services or products if the injured person was charged less than the average reasonable amount charged in this state for similar services or products, minus

   (4) The amount of medical expense benefits paid, payable, or payable but for an applicable deductible for diagnostic X-rays and for a procedure or treatment for rehabilitation and not for remedial purposes or a course of rehabilitative occupational training; or
   (b) the injury results in:
   (1) permanent disfigurement;
   (2) permanent injury;
   (3) death; or
   (4) disability for 60 days or more.
   (c) For the purposes of clause (a) evidence of the reasonable value of medical services and products shall be admissible in any action brought in this state.
   For the purposes of the subdivision disability means the inability to engage in substantially all of the injured person's usual and customary daily activities.

## ISSUES

1. Does failure to meet the no-fault tort thresholds constitute a finding of "no liability" on the merits, thus precluding the common liability element of a cause of action for contribution or indemnity?

2. Were Moose Club's actions in the conduct of the present litigation so egregious that principles of equity preclude them from maintaining a contribution action against LaBounty?

## ANALYSIS

### I.

■ Summary judgment is inappropriate where a genuine issue of material fact is raised. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

Moose Club claims a right to contribution or indemnity from LaBounty for his settlement with Coughlin. The elements giving rise to a right of contribution are well settled in Minnesota:

> The doctrine of contribution is an equitable doctrine which requires that persons under a common burden share that burden equitably. "One who has paid more than his share is entitled to contribution from the other to reimburse him for the excess so paid * * *." *Employers Mutual Cas. Co. v. Chicago, St. P.M. & O. Ry. Co.*, 235 Minn. 304, 310, 50 N.W.2d 689, 693 (1951). Accordingly, "[t]he very essence of the action of contribution is 'common liability.'" *American Auto. Ins. Co. v. Molling*, 239 Minn. 74, 76, 57 N.W.2d 847, 849 (1953).

*Spitzack v. Shumacher*, 308 Minn. 143, 145, 241 N.W.2d 641, 643 (1976).

This appeal focuses on the "common liability" of LaBounty and Moose Club for Coughlin's injuries. LaBounty concedes the issue of whether a disproportionate share was paid by Moose Club is one properly decided at trial.

It is the position of LaBounty, and the trial court, that nonrecovery in *Coughlin v. LaBounty* was a decision on the merits of "no liability" on the part of LaBounty. Therefore, they contend, this case falls squarely within the *Vigen–Spitzack* rule, precluding any genuine issue of fact.

This rule was first expressed in *American Motorists Insurance Co. v. Vigen*, 213 Minn. 120, 127, 5 N.W.2d 397, 400–01 (1942):

> Where it has been adjudicated that there never was any responsibility of the defendant to the injured person, there is absent that common liability which is the fundamental basis for contribution.

The rule was restated in *Spitzack*, 308 Minn. at 147–48, 241 N.W.2d at 644,

> [A] valid judicial determination on the merits that a defendant never was liable to a plaintiff negates the element of common liability and thereby immunizes that defendant from any subsequent action for contribution arising out of the same facts.

It should be noted that in *Spitzack*, as in *Horton by Horton v. Orbeth, Inc.*, 342 N.W.2d 112 (Minn.1984), the parties being sued for contribution were adjudged at trial as less negligent than the plaintiff. The less negligent party could not be liable to the negligent plaintiff under operation of the comparative fault law, Minn.Stat. § 604.01. *See also Hart v. Cessna Aircraft Co.*, 276 N.W.2d 166 (Minn.1979) (aircraft pilot adjudged not negligent in the death of plaintiff-passenger held immune from contribution claims by the aircraft manufacturer).

Moose Club argues that the *Coughlin v. LaBounty* verdict merely denied recovery. It was not a decision of "no liability" on the merits; rather it was a decision of liability that LaBounty was able to avoid based on a "technical defense." In such a case, the *Spitzack* court notes:

> Even though a joint tortfeasor may subsequently acquire a particular defense against an injured party, that tortfeasor may still be held liable to a co-tortfeasor for contribution.
>
> \* \* \* \* \* \*
>
> However, in all of these cases the defenses were procedural in nature and did not go to the merits of the case. The defenses * * * do not deny liability, but rather avoid liability. Thus, the underly-

ing common liability was never extinguished and a joint tortfeasor's right to contribution was allowed.

*Spitzack*, 308 Minn. at 145–46, 241 N.W.2d at 643; *see Employers Mutual Casualty Co. v. Chicago, St. Paul, Minneapolis & Omaha Railroad Co.*, 235 Minn. 304, 308, 50 N.W.2d 689, 693 (1951) (covenant not to sue); *Gustafson v. Johnson*, 235 Minn. 358, 364, 51 N.W.2d 108, 112 (1952) (failure to bring a claim within the statute of limitations); *Hammerschmidt v. Moore*, 274 N.W.2d 79, 83 (Minn.1978) (failure to provide notice in dram shop action).

The analysis of this issue therefore becomes a question of whether "recovery" is synonymous with "liability." If, as Moose Club insists, failure to meet the tort thresholds is merely a technical defense barring recovery, then LaBounty's "admitted liability" would allow a cause of action for contribution based on common law negligence. If, as the trial court and LaBounty insist, the failure to meet the tort thresholds is an adjudication on the merits and a finding of "no liability," then no cause of action for contribution may lie.

The Minnesota Supreme Court has most directly addressed this question in *Travelers Insurance Co. v. Springer*, 289 N.W.2d 131 (Minn.1979). In *Travelers*, an auto driven by Springer collided with a car owned by a corporation and operated by its employee. The damages in the accident were well below the tort threshold and were paid by Travelers under the workers compensation statute, Minn.Stat. § 176.061 (1978). Springer contended the right of subrogation provided in Minn.Stat. § 176.061, subd. 7 [2] was abrogated by the no-fault tort thresholds.

The supreme court notes some states, specifically Michigan, have "ended all rights to recover against the tortfeasor for amounts less than the threshold amount." This is not the case in Minnesota:

[T]he Minnesota no-fault act does not preclude all suits, nor extinguish all claims, but merely provides that generally damages cannot be recovered unless certain threshold requirements are met.

\*　　\*　　\*　　\*　　\*　　\*

Thus, Michigan, taking an entirely different approach than Minnesota, has abolished tort liability. Had Minnesota abolished tort liability, then logically we would reach the conclusion that no one could recover against the tortfeasor. Minnesota did not do this, however.

\*　　\*　　\*　　\*　　\*　　\*

*Minnesota did not abolish tort liability [through tort thresholds] but merely denied the right of recovery to injured parties in certain situations.*

*Travelers*, 289 N.W.2d at 134 (emphasis added). Thus, subrogation was allowed.

■ In this case, the trial court incorrectly presumed no-fault was the only ground of recovery against LaBounty. The present action for contribution is based on the common-law negligence of a co-tortfeasor. Specifically, where a dram shop and a driver are commonly liable, the driver's liability rests in common-law negligence. *See Farmers Insurance Exchange v. Village of Hewitt*, 274 Minn. 246, 251, 143 N.W.2d 230, 234 (1966).

The trial court's holding that no-fault recovery is the only ground of, and coter-

**2.** Minn.Stat. § 176.061, subd. 7 (1978) provides:

The liability of an employer for medical treatment under this chapter shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, against whom the employee may have a cause of action which may be sued under this chapter, but the employer shall have a separate additional cause of action against such third party to recover any amounts paid by him for medical treatment under this section resulting from the negligence of such third party. This separate cause of action of the employer may be asserted in a separate action brought by the employer against such third party or in the action commenced by the employee or the employer under this chapter, but in the latter case the cause of action shall be separately stated, the amount awarded thereon shall be separately set out in the verdict, and the amount recovered by suit or otherwise as reimbursement for medical expenses shall be for the benefit of the employer to the extent that the employer has paid or will be required to pay for medical treatment of the injured employee and shall not affect the amount of periodic compensation to be paid.

minous with, liability is inconsistent with the holding in *Travelers.* We believe the *Travelers* holding is a determination that the tort thresholds are technical defenses denying recovery but not liability.[3]

■ LaBounty admitted negligence in the original lawsuit. There is no issue as to negligence on the part of Coughlin, which would bring this case under the comparative negligence exceptions set out in *Spitzack* and *Horton.* Therefore, the trial court wrongly determined there is no liability on the part of LaBounty. Because a genuine issue of material fact remains for jury determination as to the apportionment, if any, of negligence between Moose Club and LaBounty, we reverse the grant of summary judgment.

## II.

■ The trial court also held Moose Club's claim for contribution barred on equitable grounds. Contribution is an equitable remedy. *Spitzack,* 308 Minn. at 145, 241 N.W.2d at 643. A court of equity is to be accorded broad latitude in fashioning remedies to meet the particular needs of each case. *See Clark v. Clark,* 288 N.W.2d 1, 11 (Minn.1979). However, the province of equity is to protect the innocent from the infliction of a wrong. *In re Fergus Falls Woolen Mills Co.,* 41 F.Supp. 355, 363 (D.Minn.1941). Therefore, the court's equitable power to deny contribution should not be exercised in the absence of wrongful conduct.

■ This court has carefully reviewed the record and can find no evidence of misconduct on the part of Moose Club or their attorneys. The contribution claim was brought well within the statute of limitations. *See Grothe v. Shaffer,* 305 Minn. 17, 25–26, 232 N.W.2d 227, 233 (1975) (statute does not toll until one party actually makes a payment greater than his share of liability).

The record indicates LaBounty was offered an opportunity to participate in settlement negotiations, but preferred to take a chance on a contribution action. Moose Club attempted to implead LaBounty into its dram shop action, but was refused permission by the district court. In its order, the court specifically held common liability was not extinguished and Moose Club's appropriate recourse is a contribution action. Any of Moose Club's attempts to use the *Coughlin v. LaBounty* verdict to limit its damages appear to have been nothing more than prudent advocacy.

## DECISION

1. The tort thresholds established by Minn.Stat. § 65B.51 are technical defenses and do not destroy common liability for purposes of contribution. As such, genuine issues of fact remain and summary judgment was improperly granted by the trial court.

2. Moose Club's conduct in the present action does not warrant dismissal on equitable grounds.

Reversed.

FOLEY, Judge (concurring specially).

I concur in the result that an action for contribution lies in this case. However, it is my view that there are issues about contribution that must be considered in order to finally resolve this case and settle the law.

In *Coughlin v. LaBounty,* 354 N.W.2d 48 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 9, 1985), this court sustained the trial court's decision that recovery be denied because tort thresholds of the act were not met. In that case, under the special verdict submitted to the jury, a damage award was returned by the jury but because the tort thresholds on either permanency of injury or disability for more than 60 days were not met, there was no recovery. *LaBounty* was a no-fault case covered by Minn.Stat. § 65B.51, subd. 3. The matter was properly submitted by spe-

---

**3.** The holding in this case is to be construed narrowly. It is only for the purposes of determining the no-fault tort thresholds are technical defenses. In applying *Travelers,* we are not holding that the statutory right of subrogation provided in Minn.Stat. § 176.061, subd. 7 is in all cases identical to a common-law right of contribution.

cial verdict. *See Otto v. Hennen,* 395 N.W.2d 414 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Jan. 2, 1987).

Based upon the evidence and the instructions of the court, and presumably argued by counsel to the jury, it strikes me the decision in *LaBounty* should have been the law of the case here and estoppel by judgment applied. *See Howe v. Nelson,* 271 Minn. 296, 301, 135 N.W.2d 687, 691 (1965). However, in *Coughlin v. Radosevich,* 372 N.W.2d 817 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Nov. 1, 1985), this court held:

> Because the question of damages was *unnecessarily decided* in *LaBounty,* the determination does not collaterally estop the relitigation of damages in the present case.

*Id.* at 820 (emphasis added). I have trouble with that holding. Under Minn.Stat. § 65B.51, subd. 3, damages would necessarily have to be considered along with other questions dealing with tort thresholds. If tort thresholds were met, damages could be recovered. If this case is reviewed by the supreme court, I would request that the court clarify Minn.Stat. § 65B.51, subd. 3 and point out just what form the special verdict ought to take. To leave damage questions off the verdict, as *Radosevich* at least implies, would require a further trial if tort thresholds were met. This would seem to be unnecessary litigation and place an unwarranted economic burden on the system. I suggest it is more orderly to have all questions—negligence, tort threshold and damages—considered in one lawsuit under Minn.Stat. § 65B.51, subd. 3.

In any event, on the issue of contribution, it is my view that LaBounty should not be obligated for more than the amount returned against him in the jury trial. Here, an important consideration is the fact that the settlement of $86,000, upon which contribution is based, is premised upon a different evaluation of damages from that determined by the jury in *LaBounty.* At the contribution trial, which we now order, there should be a comparative fault question on negligence of both LaBounty and Moose Lodge. However, since contribution is based on equity and *LaBounty* has already determined the damages caused by LaBounty to the injured party, his obligation should be proportional to his percentage of negligence but limited to no more than the sum already found by the jury trial in *LaBounty.* *See Peterson v. Little–Giant Glencoe Portable Elevator Division of Dynamics Corp. of America,* 366 N.W.2d 111, 116 (Minn.1985); *see also Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 123–24, 257 N.W.2d 679, 685–86 (1977).

Here, the jury should also consider the reasonableness of the settlement entered into in the dram shop case under *Miller v. Shugart,* 316 N.W.2d 729 (Minn.1982), and if found reasonable, an appropriate percentage of contribution by LaBounty determined of the $25,170 verdict and stipulated medical damages of $3,850 previously awarded but in no event more than that sum. On the right to a jury trial in determining the question of reasonable settlement, *see Economy Fire & Casualty Co. v. Iverson,* 426 N.W.2d 195 (Minn.Ct.App. 1988), *pet. for rev. granted* (Minn. July 28, 1988); *Hartfiel v. McLennan,* 430 N.W.2d 215, 223 (Minn.Ct.App.1988) (Foley, J., concurring specially and dissenting).