**Wayne HAUSCHILDT,
et al., Appellants,**

v.

**Dennis J. BECKINGHAM,
et al., Respondents.**

No. A03–218.

Court of Appeals of Minnesota.

Sept. 23, 2003.

Thomas J. Lyons, Thomas J. Lyons & Associates, Little Canada, MN, and Guy M. Burns, Jonathan S. Coleman, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, for appellants.

Vernon J. Vander Weide, Thomas V. Seifert, Head, Seifert & Vander Weide, Minneapolis, MN, for respondents.

Considered and decided by HUDSON, Presiding Judge, RANDALL, Judge, and MINGE, Judge.

## O P I N I O N

RANDALL, Judge.

In this appeal from a dismissal of their complaint for failure to state a claim on which relief can be granted, appellants argue that the district court improperly: (1) held that collateral estoppel barred their action; (2) held that there could be no fiduciary relationship as a matter of law; and (3) determined that class certification was improper. Because the district court based its dismissal on defensive collateral estoppel, the rule 12 dismissal is reversed and the complaint reinstated.

## FACTS

Appellants were members of West's Publishing Employees Preferred Stock Association (WPSA) who filed suit against the current WPSA board members (respondents). In a previous case, another group of WPSA depositors alleged that WPSA breached duties owed them by improperly distributing funds from WPSA's investments to all West employees and not just depositors. *Davies v. West Publishing*, 622 N.W.2d 836 (Minn.App.2001), *review denied* (Minn. May 29, 2001). There, the depositors attacked the propriety of these distributions (dating from 1967–1996) and the distribution made following the decision to terminate WPSA after West was bought by The Thomson Corporation. *Id.* at 839.

This court answered questions certified by the district court and held that the statute of limitations applied to the claims that the distributions were improper and that the 16 distributions were separate occurrences, so the continuing violation doctrine could not apply. *Id.* at 841–42. We also held that the employees had no claim of misrepresentation regarding the nature or source of the distributions and, therefore, the doctrine of equitable estoppel did not apply to defeat West and WPSA's statute-of-limitations defense. *Id.* at 842.

Based upon our answers to the certified questions, the district court granted partial summary judgment in favor of the WPSA board members as to the distributions. That matter is still in litigation.

The present case is brought by a slightly different class of West employees (and former employees) against the members of the board of directors of WPSA instead, of WPSA itself and.West. This class is composed of:

All WPSA depositors who had funds on deposit on December 18, 1992 in an amount sufficient to be entitled to receive a distribution in excess of $150 if the distribution paid on that date had been calculated and paid pro rata, based upon the amount on the depositors' accounts balances.

The complaint alleges that distributions were made in 1992 and 1996 that were not in accordance with state or federal regulations. Because of WPSA's noncompliance with securities laws, litigation counsel for West and WPSA suggested termination of WPSA rather than trying to bring it into accordance with state and federal securities regulations. (It is not clear whether it was West or WPSA that realized the problem and brought in the law firm that they both use.) "No action" letters were sent to both the state and federal regulators explaining the situation and proposing that WPSA distribute its surplus to depositors on a pro rata basis "as nearly in accordance with applicable law as can be done at this time." The complaint alleges that in October 1998, WPSA's board took actions including consultations with counsel and no-action letters. Further, it alleges that the board members failed to act prior to December 17, 1998, and allowed the statute of limitations to run out on any claim relating to the 1992 distribution before giving notice of the legal problems to WPSA members. (This is why the class now is composed of those who had something at stake at the time of the 1992 distribution). Finally, the complaint alleges negligence by the board members in their failure to tell depositors that nothing would be done to restore the prior "improper" distributions. Appellants assert that these omissions and non-disclosures should toll the statute of limitations and equitably estop any such defense.

The district court, on a rule 12 motion, concluded that the present claims were barred under a defensive-collateral-estoppel theory by the judgment of the district court after remand in *Davies*. The district court concluded that the issue in both actions was the same, namely the propriety of the 1992 distribution. Because this issue was fully litigated in *Davies*, the court concluded that the substitution of new defendants did not defeat collateral estoppel.

The court also concluded that defendants owed no duty of disclosure to plaintiffs. The court stated that even if some duty existed, the plaintiffs were estopped from denying that they had sufficient information to bring a timely claim because of this court's decision in *Davies*. The court also noted the timing of the disclosure that WPSA was not in compliance with the law, and stated that the plaintiffs "had two months after being put on notice of potential claims arising from WPSA's non-compliance to bring any claims."

Finally, the district court concluded that no fiduciary relationship existed between WPSA and its members, instead characterizing the relationship as debtor/creditor. In so doing, the court noted the "special circumstances" exception to the general rule that a depositor in a bank does not have a fiduciary relationship, but concluded that the plaintiffs failed to plead any such special circumstances. Also due to the lack of a fiduciary relationship, the court rejected plaintiffs' argument that WPSA misrepresented the law regarding the statute of limitations on potential claims.

## ISSUE

Does the complaint state a claim upon which relief can be granted?

## ANALYSIS

■ We will not uphold a dismissal for failure to state a claim if "it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 739–40 (Minn.2000) (quotation omitted). Minnesota adheres to notice pleading for all claims except fraud or mistake, which must be pleaded with particularity. Minn. R. Civ. P. 8.01, 9.01.

■ The district court based its dismissal on a collateral estoppel theory. "Collateral estoppel precludes the relitigation of a right, question, or fact distinctly put in issue and directly determined in a prior adjudication." *Coughlin v. Radosevich*, 372 N.W.2d 817, 819 (Minn.App. 1985), *review denied* (Minn. Nov. 1, 1985). Collateral estoppel applies when

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Cook v. Connolly*, 366 N.W.2d 287, 290 n. 2 (Minn.1985) (quotations omitted).

■ Res judicata operates to bar a subsequent suit on the same cause of action determined by a previous judgment, "regardless of what issues were actually raised or litigated in the previous suit." *McBroom v. Al–Chroma, Inc.*, 386 N.W.2d 369, 372 (Minn.App.1986). Thus, if the cause of action is the same in the subsequent suit, all matters that were litigated or could have been litigated in the previous suit are precluded. *Wilson v. Comm'r. of Revenue*, 619 N.W.2d 194, 198 (Minn.2000). Two actions are the same if the parties are the same, the cause of action is the same, and the original judgment was on the merits. *Care Inst., Inc.–Roseville v. County of Ramsey*, 612 N.W.2d 443, 447 (Minn.2000).

■ Neither res judicata nor collateral estoppel bars appellants' claims in this case. Collateral estoppel fails because the parties are neither the same nor in privity with one another. The classes in the present case and the *Davies* case do have some members in common, but they are not the same. In addition, the complaint alleges breaches of fiduciary duty that occurred in 1998, *after* the *Davies* case was filed. This does not speak to the strength of the 1998 claim, but for purposes of considering a rule 12 motion, it speaks to the issue of whether the claims are different. The issues in *Davies* were predicated on similar facts, but the issues were not identical to the issues in the present litigation. In the *Davies* case, the cause of action was primarily for breach of duty in making the distributions themselves. *Davies*, 622 N.W.2d at 839. The present case is for breach of duty, negligence, and gross negligence in failing to act in WPSA depositors' best interests, specifically including an alleged cover-up in 1998 to shield past improprieties. Thus, res judicata fails because the causes of action are different in the two cases.

Finally, we note that the district court's conclusions on the existence of a fiduciary duty and whether the class could be properly certified were premature. We express no opinion on the merits of these issues, as they are more properly addressed after discovery has been completed and at a later motion hearing/trial.

## DECISION

Appellants alleged enough to survive a rule 12 motion to dismiss. Neither collateral estoppel nor res judicata bar their claims, at this stage. We reverse the deci-

sion of the district court and reinstate the complaint.

**Reversed.**